**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                      No. 02-4399

LONNIE ALONZA SAMUELS,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, District Judge.
(CR-00-599)

Submitted: November 21, 2002

Decided: December 2, 2002

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Timothy E. Meacham, JEBAILY, GLASS & MEACHAM, P.A., Florence, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Lonnie Alonza Samuels pled guilty to disqualified possession of ammunition based on his prior felony conviction, *see* 18 U.S.C. § 922(g)(1) (2000). The parties agree that Samuels stipulated in his plea agreement that the United States could attempt at sentencing to link a murder for which Samuels had been tried and acquitted in state court to Samuels' possession of the ammunition. The district court found Samuels possessed the ammunition in connection with the murder of Ronald Griggs and imposed a statutory maximum ten-year custodial sentence. For the following reasons, we affirm.

First, Samuels' contention that the district court improperly relied on hearsay testimony in concluding he murdered Griggs is without merit. Sentencing courts are accorded wide discretion in evidentiary matters and may consider any relevant, reliable evidence. *United States v. Hopkins*, ___ F.3d ___, 2002 WL 31375593 at *6-*7 (4th Cir. Oct. 24, 2002) (No. 01-4581). Further, a sentencing court may consider hearsay testimony. *United States v. Love*, 135 F.3d 595, 607 (4th Cir. 1998). In light of the substantial testimony linking Samuels to Griggs' murder, we find no reversible error in the admission of the testimony in question.

Second, we find no merit in Samuel's contention that the district court improperly included a prior conviction for which his civil rights were restored in calculating his criminal history category. *See U.S. Sentencing Guidelines Manual* § 4A1.2, comment (n.10) (2000).

Accordingly, Samuels' sentence is affirmed, and we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*